Lenk, J.
Plaintiff Christina Maiuri (“Maiuri”) brought this suit in 1991 for violation of M.G.L.c. 106, Section 1-203 against defendant, her former employer, the TJX Companies, Inc. d/b/a T.J. Maxx (“TJXj. Defendant TJX moves for summary judgment pursuant to Mass.R.Civ.P. 56(b). Plaintiff Maiuri opposes the motion and argues thuL'genuine issues of material fact preclude summary judgment. For the reasons stated below, defendant’s motion is allowed.
BACKGROUND
The undisputed facts are these. Plaintiff Maiuri was employed by the defendant and a predecessor corporation, Zayre Corporation, from June 15, 1987 to March 1, 1991. When plaintiff began her employment, she executed an employment application which contained, inter alia, immediately above the applicant’s signature line the language:
I understand that my employment is for no definite or fixed period of time and that neither hours of work which may be assigned to me at any time nor any other act or circumstances shall constitute a guarantee of employment or as to daily or weekly straight time or overtime working hours, if any. (Defendant’s Exhibit 1.)
Plaintiff testified at her deposition that the aforesaid application classified her employment as at-will employment and that the application did not guarantee her continuing employment. (Plaintiffs deposition, pp. 15, 63-64.)
The defendant TJX/T.J. Maxx promulgated a human resources policies and procedures manual (Plaintiffs Exhibits 1 and 2) which sets forth, inter alia, a system of progressive discipline for performance problems and discusses the subject of honesty. The manual contains language stating “This manual is not intended to create any contractual or other legal rights. It is designed solely as a guide for managers and is subject to change at the Company’s discretion.” There was no evidence that the parties had bargained about any of the manual’s provisions or that plaintiff had ever signed the manual, received the manual, or manifested her assent to or understanding of the manual’s terms. There was also no evidence concerning consideration in connection with the manual.
Plaintiff began working for Zayre Corp. on June 15, 1987 as a claims assistant in the benefits department. In October 1988, Zayre Corp. divested itself of certain stores and retained others, becoming the TJX Companies, Inc. Plaintiff continued her employment with TJX without interruption in service, retaining the same benefits. (Plaintiffs deposition, pp. 19-21.)
At some point thereafter, plaintiffs job duties changed from that of claims assistant to enrollment assistant in the benefits department. (Plaintiffs deposition, pp. 22-23.) Plaintiffs performance as a claims assistant had been satisfactory. Plaintiff was an enrollment assistant for TJX under the supervision of Barbara Wilson until early 1990 when plaintiff transferred to T.J. Maxx, a subsidiary of TJX, remaining an enrollment assistant there until she was terminated in March 1991. While at T.J. Maxx, Jennifer Mandlebaum became plaintiffs supervisor and was later joined by Deborah Staniszewski as plaintiffs supervisor. (Plaintiffs deposition, pp. 23-27.)
Over time, plaintiffs enrollment assistant workload increased. Beginning in July 1990, plaintiff received a substandard performance warning, a second substandard performance warning on August 24, 1990, was on December 13, 1990 put on a sixty-day probation, which was later extended, and was ultimately terminated for poor performance on March 1, 1991. (Defendant’s Exhibits 2 through 7.)
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the ab *424 sence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
No evidence was presented which indicates anything other than that plaintiff was an at-will employee. Indeed, the evidence demonstrates the contrary. Notwithstanding the allegations of counsel in their brief that there was a “course of dealing” which, in connection with defendant’s “usual personnel practices of elaborate termination procedures” called for by the personnel manual, caused the parties to reach “a meeting of the minds” that plaintiffs employmet; “would not be terminated except for cause and only after specific procedures conducted in good faith by supervisors acting impartially,” there is no record support for such allegations. The terms of the personnel manual in the circumstances presented here do not constitute the basis of an express or implied employment contract. Here, the employer retained the unilateral right to alter the manual, the manual itself plainly states that it is only a “guide” for managers and there was no evidence of bargaining between the parties concerning the manual’s terms or any indication that the employee ever signed, acknowledged, relied upon or manifested assent to its terms. Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8 (1988).
As an at-will employee, plaintiff Maiuri could be fired “for almost any reason or no reason at all.” Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992). Notwithstanding this, a covenant of good faith and fair dealing implicitly exists in all contracts. Glaz v. Ralston Purina Co., 24 Mass.App.Ct. 386, 389, rev. denied, 400 Mass. 1106 (1987).
In her unverified Complaint, Maiuri claims that defendant exhibited bad faith in terminating her. She claims that the increase in her workload, the progressive disciplinary measures taken and, ultimately, her termination were all due to a personality conflict with her supervisors, Ms. Mandlebaum and Ms. Staniszewski and the resentment stemming from plaintiffs having come upon the supervisor Ms. Mandlebaum and Ms. Mandlebaum’s husband using defendant’s office equipment during business hours to do personal work for the non-employee husband. (Plaintiffs Motion and Brief in Opposition to Defendant’s Motion for Summary Judgment; Complaint.)
Apart from the fact that the record offers no satisfactory support for these claims,[1] they nonetheless do not as a matter of law fall within the limited “implied covenant of good faith and fair dealing” exception to the “at-will” employment rule which permits employee discharge for any reason or no reason. In Massachusetts, the obligation of good faith and fair dealing prevents employers from discharging an employee for the purpose of depriving the employee of compensation earned but not yet received for services performed as of the date of the discharge. Fortune v. National Cash Register Co., 373 Mass. 96 (1977); Maddaloni v. Western Massachusetts Bus Lines, Inc., 386 Mass. 877 (1982); Siles v. Travenol Laboratories, Inc., 13 Mass.App.Ct. 354 (1982). The covenant of good faith and fair dealing has not been expanded to encompass situations such as that presented here, where there is no allegation or evidence that the defendant intended to deprive Mauiri of earned compensation or that it succeeded in doing so. Mere discharge, even without cause, does not breach the covenant of good faith and fair dealing. Gram v. Liberty Mutual Insurance Co., 384 Mass. 659 (1981). Absent proof that the discharge was motivated either by an intent to deprive plaintiff of earned compensation or violated public policy, neither of which plaintiff alleges, no breach of the covenant of good faith and fair dealing is established. Ossinger v. Newton, 26 Mass.App.Ct. 831 (1989).
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.

 In opposing defendant’s summary judgment motion, plaintiff relies solely on portions of the defendant’s personnel manual, the unverified complaint, defendant’s exhibits and portions of plaintiffs deposition testimony. Plaintiff offers no affidavits, admissions or answers to interrogatories. The only reference in the plaintiffs submissions which appears to relate to Ms. Mandlebaum’s claimed “vendetta” against plaintiff is the following exchange at pp. 77-78 of plaintiffs deposition.
Q. [by plaintiff s counsel] Do you think that April encounter with the supervisor and her husband doing nonbusiness related work had anything to do with the attitude towards you?
A. I don’t know. I don’t think she expected me to come over there. I can't say.
Q. On the whole, do you think that the relationship between you and your company was based on the personal vendetta by your supervisor since that April encounter? You’re not sure?
A. No.
Q. Let me rephrase the question. Do you think your encounter with your supervisor and her spouse in April 1990 had anything to do with your supervisor’s subsequent conduct towards you?
A. I believe it could have, that could have started what went on until the end of my employment.